UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| ROBERT J. GIORDANO,<br><br>    Plaintiff,<br><br>v.<br><br>DARBY LAW FIRM, PLLC,<br><br>    Defendant. | CIVIL ACTION<br><br>COMPLAINT 1:18-cv-00614<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** the Plaintiff, Robert J Giordano ("Plaintiff"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining as to the conduct of Defendant, Darby Law Firm, PLLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Eastern District of Texas and all of the events or omissions giving rise to the claims occurred within the Eastern District of Texas.

### PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

1

Case 1:18-cv-00614-MAC   Document 1   Filed 12/06/18   Page 2 of 5 PageID #: 2

5. Defendant is a debt collection law firm with offices at 136 W Twohig Ave, Suite C, San Angelo, TX 76903. Defendant's principal purpose is collecting consumer debts originally owed to others.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. At all times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, vendors, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTS SUPPORTING CAUSE OF ACTION

8. Before 2018, Plaintiff obtained a personal loan ("subject debt").

9. Subsequently, Plaintiff defaulted on the subject debt.

10. On or before October 4, 2018, Defendant acquired the right to collect on the subject debt.

11. On October 4, 2018, Defendant sent Plaintiff a written notice in an attempt to collect on the subject debt.

12. In this communication, Defendant failed to disclose that it was a debt collector.

13. Due to Defendant's failure to disclose that it was a debt collector, Plaintiff was confused and worried by Defendant's letter.

14. Plaintiff was concerned about the potential ramifications of receiving such an unclear letter from Defendant.

15. Since the letter was from a law firm, Plaintiff was concerned that he was being contacted by an entity preparing to sue him, since there was no disclosure that the letter was from a debt collector.

16. Concerned about the violations of his rights, Plaintiff sought the assistance of counsel.

2

17. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's deceptive and misleading collection actions.

18. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the satisfied subject debt.

19. Plaintiff suffered from emotional distress and mental anguish due to Defendant's unlawful attempts to collect the subject debt, as he was confused what type of entity was trying to contact him.

COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21. The Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

22. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

23. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

24. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

25. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

26. Defendant violated 15 U.S.C. §§1692e, e(11) and f through its unlawful debt collection practices.

### a. Violations of FDCPA § 1692e

27. Defendant violated §1692e when it misleadingly sent Plaintiff a communication without disclosing it was a debt collector. Defendant purposefully attempted to mislead Plaintiff about who was contacting him in an attempt to intimidate Plaintiff into paying the subject debt.

28. Defendant violated §1692e(11) by failing to disclose in its written communication to Plaintiff that the communication was from a debt collector. This was done intentionally, with the goal of confusing and intimidating Plaintiff into making a payment on the subject debt.

29. As an unsophisticated consumer, Plaintiff was led to believe that he was being sued on this debt causing Plaintiff mental anguish.

### b. Violations of FDCPA § 1692f

30. Defendant violated §1692f by unfairly and unconscionably failing to inform Plaintiff that it was a debt collector. This served no other purpose but to worry and confuse Plaintiff about who was contacting him and what the letter was for.

31. Defendant intentionally and unconscionably mislead Plaintiff for the sole purpose of panicking Plaintiff and intimidating Plaintiff into making a payment on the subject debt.

**WHEREFORE**, Plaintiff ROBERT J. GIORDANO respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

|  |  |
|---|---|
| Dated: December 6, 2018 | Respectfully Submitted, |

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com